IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

        Plaintiff,

v.

ALTERNATE SOLUTIONS HEALTH
NETWORK, L.L.C. and BEAUMONT
ASHN, LLC,

        Defendants.
_____/

Civil Action No.:
Honorable:

COMPLAINT AND JURY
TRIAL DEMAND

## **NATURE OF THE ACTION**

This is an action under Title I of the Americans with Disabilities Act of 1990, as amended ("ADA"), and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of disability and to provide appropriate relief to the Charging Party. As alleged with greater particularity in paragraph 15 below, the Equal Employment Opportunity Commission ("the Commission") alleges that Beaumont ASHN, L.L.C., and Alternate

Page 1

Solutions Health Network, L.L.C. ("Defendant Employers"), violated the ADA by failing to grant Charging Party a reasonable accommodation and subsequently terminating her employment because of her disability.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-5(f)(1) and (3) and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of Michigan.

## PARTIES

3. Plaintiff, the Commission, is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. §

12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

 4. At all relevant times, Defendant, Alternate Solutions Health Network, LLC. ("ASHN"), an Ohio Limited Liability Company, has continuously been doing business in the State of Michigan and the County of Wayne, and has continuously had at least 15 employees.

 5. At all relevant times, Defendant, Beaumont ASHN, L.L.C., ("Beaumont ASHN") a Michigan limited liability company, has continuously been doing business in the State of Michigan and the County of Wayne, and has continuously had at least 15 employees.

 6. At all times Defendants ASHN and Beaumont ASHN have operated as an integrated business enterprise and collectively had at least fifteen (15) employees on a continual basis at all times

relevant to this civil action. Evidence of their operation as an integrated enterprise includes but is not limited to the following:

    a.    They have records stored in the same location.

    b.    They list a shared registered office address.

    c.    They identify the same individual as their organizer in their articles of incorporation.

    d.    They use shared human resources employees and resources.

    e.    ASHN's Director of Talent Acquisition Amy Huguenot and Associate HR Business Partner Amanda McLain engaged in responsibilities for both ASHN and Beaumont ASHN, LLC, including human resources functions.

    f.    ASHN Management level employees, including Chief Human Resources Officer Gretchen Farrell and Director of Human Resources Joan VanZant, made employment decisions for both companies.

7.    At all relevant times, Defendant Employers have continuously been employers engaged in an industry affecting commerce under Sections 101(5) and 101(7) of the ADA, 42 U.S.C. §§ 12111(5), (7).

8.   At all relevant times, Defendant Employers have been covered entities under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## ADMINISTRATIVE PROCEDURES

9.   More than thirty days prior to the institution of this lawsuit, the Charging Party filed a charge with the Commission alleging violations of the ADA by Defendant ASHN.

10.   On June 14, 2023, the Commission issued to Defendant ASHN a Letter of Determination finding reasonable cause to believe that the ADA was violated and inviting Defendants to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

11.   The Commission engaged in communication with Defendant Employers to provide Defendants with the opportunity to remedy the discriminatory practices described in the Letter of Determination.

12.   The Commission was unable to secure from Defendant Employers a conciliation agreement acceptable to the Commission.

13. On August 23, 2023, the Commission issued to Defendant ASHN a Notice of Failure of Conciliation, advising Defendant that the Commission was unable to secure a conciliation agreement acceptable to the Commission.

14. All conditions precedent to the institution of this lawsuit have been fulfilled.

## **STATEMENT OF CLAIMS**

15. Between February and May of 2021, Defendant Employers engaged in unlawful employment practices, in violation of Section 102(a) of Title I of the ADA, 42 U.S.C. § 12112(a), in and around Wayne County, Michigan. Defendants violated the ADA by denying the Charging Party's request for a reasonable accommodation and subsequently terminating her employment because of her disability.

    a. The Charging Party is a qualified individual with a disability under Sections 3 and 101(8) of the ADA, 42 U.S.C. §§ 12102 and 12111(8).

    b. The Charging Party has been diagnosed with epilepsy, seizure disorder and a brain tumor.

c. The Charging Party's epilepsy, seizure disorder and brain tumor substantially limit her in the operation of her brain and neurological function, which are major bodily functions that qualify as major life activities.

d. At all relevant times, Defendants were aware of the Charging Party's disability.

e. On or about June 18, 2019, Defendants hired the Charging Party as an occupational therapist.

f. Throughout her employment, the Charging Party provided in-home occupational therapy to patients in a region located in Wayne County, Michigan.

g. At all relevant times, Charging Party was able to perform all essential functions of her occupational therapist position with or without a reasonable accommodation.

h. On February 10, 2021, the Charging Party suffered a grand mal seizure. As a result, she was restricted from driving for at least 6 months.

i. Days after suffering the seizure, Charging Party requested a reasonable accommodation. Charging Party

proposed that she be permitted to pay for Uber or Lyft or to have a family member drive her to patients' homes.

j.  The reasonable accommodation proposed by Charging Party would have permitted her to perform the essential functions of the occupational therapist position.

k.  Defendants could have accommodated this request with no undue burden on Defendants.

l.  Defendants denied the Charging Party's request for a reasonable accommodation.

m.  On or about May 4, 2021, Defendants terminated the Charging Party because of her disability.

16. The effect of the practices complained of in paragraph 15 above has been to deprive the Charging Party of equal employment opportunities and otherwise adversely affect her status as an employee because of her disabilities.

17. The unlawful employment practices complained of in paragraph 15 above were intentional.

18. The unlawful employment practices complained of in paragraph 15 above were done with malice or with reckless indifference to the federally protected rights of the Charging Party.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Employers, their officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from denying reasonable accommodations for qualified employees with disabilities and from terminating employees on the basis of disability.

B. Order Defendant Employers to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of their past and present unlawful employment practices.

C. Order Defendant Employers to make whole the Charging Party, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial.

F. Order Defendant Employers to make whole the Charging Party by providing compensation for past and future pecuniary

losses resulting from the unlawful employment practices described in paragraph 15 above, in amounts to be determined at trial.

    G.    Order Defendant Employers to make whole the Charging Party by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraph 15 above, including emotional pain, distress, suffering, inconvenience, anxiety, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

    H.    Order Defendant Employers to pay the Charging Party punitive damages for their malicious and reckless conduct, as described in paragraph 15 above, in amounts to be determined at trial.

    I.    Grant such further relief as the Court deems necessary and proper in the public interest.

    J.    Award the Commission its costs of this action.

## **JURY TRIAL DEMAND**

The Commission requests a jury trial on all questions of fact raised by its complaint.

        Respectfully submitted,

        KARLA GILBRIDE
        General Counsel

        CHRISTOPHER LAGE
        Deputy General Counsel

        KENNETH BIRD
        Regional Attorney

        OMAR WEAVER (P58861)
        Assistant Regional Attorney

        EQUAL EMPLOYMENT
        OPPORTUNITY COMMISSION

        /s/ Miles L. Uhlar
        MILES L. UHLAR (P65008)
        Trial Attorney
        Detroit Field Office
        477 Michigan Ave., Room 865
        Detroit, MI 48226
        (313) 774-0015
        miles.uhlar@eeoc.gov

Dated: November 30, 2023