# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,

          Plaintiff,

Case No. 2:23-cv-13043
Hon. Linda V. Parker
Magistrate Elizabeth A. Stafford

v.

ALTERNATE SOLUTIONS HEALTH
NETWORK, L.L.C. and BEAUMONT
ASHN, LLC,

          Defendants.

_____/

## JOINT DISCOVERY PLAN

In accordance with the Court's Notice to Appear dated February 12, 2024 (ECF No. 10), and having met and conferred in accordance with Rule 26(f) on February 20, 2024, the parties submit the following as their Joint Discovery Plan:

### 1) Jurisdiction

Plaintiff contends the Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345, as well as Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. § 2000e-5(f)(1) and (3).

### 2) Statement of the Case

Plaintiff asserts that Michelle Polec is an individual who had multiple qualifying disabilities under the Americans with

15405266.1

Disabilities Act (ADA) at the time she was employed by Defendants as an in-home occupational therapist, including but not limited to seizure disorder, epilepsy, and a brain tumor. Defendants were informed of Polec's disabilities when she suffered a seizure in February of 2021. Polec provided written restrictions from her treating physicians in February of 2021 indicating that she could not drive for 6 months, but that she could return to work if she did not have to drive. Polec requested a reasonable accommodation in the form of being permitted to have someone else drive her to patients' homes (Uber or Lyft or family member). Defendants denied the request. Defendants further advised Polec she would have to apply and compete for a clerical office assistant position she was fully qualified for. Defendants then terminated Polec in May of 2021 when her FMLA expired. Plaintiff seeks lost wages and appropriate compensatory and punitive damages for Polec, as well as appropriate injunctive and equitable relief.

Defendants assert that Plaintiff's preferred accommodation was not reasonable because they reasonably believed that it would have violated the Health Insurance Portability and Accountability Act. However, in an effort to accommodate Plaintiff's alleged disabilities, Beaumont offered Plaintiff two alternatives: (1) she could take leave that would be covered by the Family and Medical Leave Act or (2) she could apply for an open position that did not require driving. Beaumont represented to Plaintiff that the open position would be given to Plaintiff but that the application was a necessary administrative prerequisite. Plaintiff selected the leave of absence but was not able to provide a reasonable return-to-work date when her FMLA-protected leave was exhausted. Plaintiff also declined to apply for the position that would not have required driving. Defendants further contend that driving was an essential function of Plaintiff's position, so they did not have an obligation to eliminate it. As a result, Plaintiff was not a qualified individual with a disability.

### 3) Joinder of Parties and Amendment of Pleadings

Plaintiff does not anticipate joinder of additional parties or

amendment of the pleadings. At this time, Defendants do not anticipate a need to amend the pleadings.

### 4) Disclosures Required by Rule 26(a)(1)

Initial disclosures will be made on or before March 12, 2024.

### 5) Discovery

The parties believe that all discovery proceedings can be completed by October 31, 2024. The parties recommend the following discovery plan, and acknowledge that if the Court believes that discovery motions have been filed unnecessarily, in bad faith, or for vexatious or tactical reasons, the Court may appoint a Discovery Master to shift the costs of disposing of these motions from the Court to the parties:

| | |
|---|---|
| Witness List Disclosures Due: | 5/14/2024 |
| Plaintiff's Expert Disclosures Due: | 6/14/2024 |
| Defendants' Expert Disclosures Due: | 7/15/2024 |
| Discovery Ends: | 10/31/2024 |
| Dispositive Motions Due: | Date set by court at least 45 days after 10/31/24 |

### 6) Disclosure / Discovery of Electronically Stored Information (ESI)

The parties have discussed the preservation and production of electronically stored information. In advance of the Rule 26 Conference, Plaintiff provided Defendant with the names of the 5 employees of Defendants it believed were most likely to be the custodians of ESI. At the Rule 26 Conference, Plaintiff also advised that anyone involved in the decision-making process regarding whether to permit Michelle Polec to have someone else drive her to patients' homes would also be likely custodians.

The parties agree to take reasonable and proportionate steps to preserve relevant and discoverable ESI within its possession, custody, or control. The parties further agree to make all reasonable

efforts to produce documents in accordance with the specifications identified in this section.

E-mail and User Created Files

Email will be produced in single-page TIFF format (300 DPI resolution) with a delimited DAT file containing ordinary metadata fields, accompanied by an Opticon (OPT) cross-reference file and corresponding document-level extracted text. Ordinary metadata fields shall at a minimum include custodian, author, record type, a group ID for the family (to allow identification of all e-mail that are part of one chain and all attachments to that chain), to, from, cc, bcc and subject.

All spreadsheet and presentation files (e.g. Excel, PowerPoint) shall be produced in native format with an associated placeholder image. All hidden text (e.g. track changes, hidden columns, mark-ups, notes) shall be expanded and rendered in the image file. All non-graphic embedded objects (Word documents, Excel spreadsheets, .wav files, etc.) that are found within a file shall be extracted and produced. For purposes of production, the embedded files shall be treated as attachments to the original file, with the parent/child relationship preserved. Any data (whether individual files or digital containers) that is protected by a password, encryption key, digital rights management, or other encryption scheme, shall be decrypted prior to processing for production, to the extent possible.

PDF Files

Documents kept in PDF format in the usual course of business shall be produced in logically unitized format. Such documents shall not be combined, merged, or otherwise joined if they are not so organized in the usual course of business. Files usually maintained electronically in a different file type (Excel, JPG, etc.) but converted to PDF format and produced, will not be accepted. "Logically unitized" means that all pages that belong together as a document, and only those pages, are produced as one document,

with relationships such as parent and child attachments maintained.

<u>Method of Production</u>

Where possible, productions should be delivered by electronic means.

<u>Purpose</u>

The parties agree that the purpose of the above provisions is not to be overtly burdensome to any party, but to facilitate appropriate identification, categorization and searching of relevant ESI. Should any party have technical problems regarding any of the above, the parties will meet and confer regarding the same, and express a willingness to have an appropriate IT representative provide support to or participate in such a process.

**7) Assertion of Claims of Privilege or Work-Product Immunity After Production**

The parties agree to follow the Federal Rules of Civil Procedure, as well as federal law, concerning claims of privilege and the inadvertent production of privileged materials.

**8) Motions**

The following dispositive motions are contemplated by each party:

Plaintiff may file a motion for partial summary judgement as to the issue of integrated enterprise or liability, depending on discovery.

Defendant may file a motion for summary judgment seeking dismissal of all claims.

**9) Prospects of Settlement and Alternative Dispute Resolution:**

The parties have engaged in initial settlement discussions. The

parties are amenable to continued direct negotiations with one another as appropriate. In the alternative, after reasonable discovery occurs, the parties are willing to appear for a settlement conference with the Court and/or participate in a private facilitation with a mutually-agreed upon facilitator. The parties are not amenable to case evaluation (Local Rule 16.5 and MCR 2.403).

The parties acknowledge that if they attend a private facilitation, they will provide the Court with the facilitator's contact information along with the date of the mediation in advance. The parties also acknowledge that the Court reserves the right under Local Rule 16 to order alternative dispute resolution.

### 10) Jury:

This case is to be tried before a jury.

### 11) Length of Trial

Counsel estimate the trial will last approximately five (5) days total, lasting from 8:30 a.m. to 2:00 p.m. each day, allocated as follows:

2 ½ days for Plaintiff's case
2 ½ days for Defendant's case

Date: March 4, 2024                     Respectfully submitted,

 /s/ Miles Uhler (phone consent)          /s/ Andrew J. Wolf
Miles L. Uhlar (P65008)                 Steven Seasly, Esq (OH 0070536)
Equal Employment Opportunity            Andrew Wolf, Esq. (OH 0091054)
Commission                              Hahn Loeser & Parks, LLP
477 Michigan Avenue, Rm 865             200 Public Square, Suite 2800
Detroit, MI 48226                       Cleveland, OH 44114
(313) 774-0015                          (216) 274-2258
miles.uhlar@eeoc.gov                    sseasly@hahnlaw.com
                                        awolf@hahnlaw.com
*Attorney for the EEOC*
                                        *Attorney for Defendants*